## CLEAVES *versus* JORDAN.

A writ may lawfully be framed as an original summons, with or without an order to attach property ; —

*Or*, (with some exceptions as to contracts and judgments founded on contracts,) it may be framed to attach the property, and, for want of it, to arrest the body ; —

*Or* it may be framed merely to attach the property, without any order as to the arrest of the body.

In common acceptation, the term " highway" means a public way. But when used in a statute, its import is restricted to county roads or county ways, unless its connection should require some different construction.

VOL. XXXIV.                    2

The statute provides, that if swine be found going at large without a keeper on the *highways* or *town ways*, the owner shall be subject to a penalty.

In an action to recover the statute penalty for the rescuing of animals to prevent an impounding, an allegation in the writ that they were found in the *highway* cannot be treated as surplusage. It is a material averment, and must be proved as laid. Such an averment is not supported by proof that the animals were found upon a *town* way.

ON EXCEPTIONS from the *District Court*, COLE, J.

DEBT to recover the statute penalty for rescuing certain swine, which the plaintiff had found going at large and had taken up for the purpose of impounding. The writ was framed to attach the goods or estate of the defendant, but omitted to give any direction as to the taking of his body. For that omission, the defendant, at the trial before the justice, moved that the writ be quashed. The motion was overruled. After a trial upon the general issue, the defendant appealed, and renewed his motion in the District Court, where it was again overruled, and on the *plaintiff's* motion, the writ was amended by inserting the *capias* clause. The declaration alleged, that the swine were found going at large without a keeper in the *highways* of Saco. The proof was, that they were found in a street which had never been established by *county officers*, but was located as a *town way* by the *selectmen*.

The Judge instructed the jury, " that the word 'highways' in the declaration included town ways, and was a sufficient description of the place where the swine were taken ; and that, if the swine were taken going at large without a keeper, in a town way of Saco," the verdict should be for the plaintiff. To that instruction and to the amendment of the writ, the defendant excepted.

*Shepley & Hayes*, for the defendant.

*Emery & Loring*, for the plaintiff.

WELLS, J. — By statute, chap. 114, sect. 23, " the original writ may be framed either to attach the goods or estate of the defendant, and for want thereof to take his body ; or it may be an original summons either with or without an order to attach the goods or estate." In accordance with this provis-

Cleaves v. Jordan.

ion a party could frame his writ in either of the modes pre-
scribed. And the plaintiff's writ in its original form was a
summons, with an order to attach the defendant's goods or
estate, and was duly served as such.

But this right of election as to the form of the writ is limit-
ed by chap. 148, sect. 1, which prohibits the arrest of any
person on mesne process in suits on contracts and on judg-
ments founded on them, with an exception when the debtor
is about to depart and reside out of the State, &c. " and the
writ or other process shall be so varied as not to require the
arrest of the defendant.

By the ninth section of the same chapter it is provided,
" that in all actions, not founded on contract, or on a judg-
ment on such contract, the original writ or process shall run
against the body of the defendant, and he may be thereon
arrested," &c. And it is contended, that this provision is ab-
solute and imperative, and that the plaintiff's writ should run
against the body of the defendant. But taking the several
provisions together, it may be fairly inferred, that it was the
intention of the Legislature to provide, that the writ shall be
permitted to run against the body of the defendant, when the
action is not founded on contract or on a judgment on such
contract. Upon the construction contended for by the de-
fendant, the option as to the form of process would be taken
away without any necessity for such deprivation. For why
should the plaintiff be required to insert in his writ a com-
mand to arrest the body of the defendant, when he had no
wish or desire to make such arrest, and when the process
would be equally sufficient without it? The provision giving
power to arrest the body was made for the benefit of the
plaintiff, and the omission to insert it was no detriment but a
favor to the defendant. It could not have been the purpose
of the Legislature to compel a party to pursue a more rigor-
ous course in the institution of his process than his disposi-
tion or his interests required. A mode of process having been
given by which such severity could be avoided, the ninth sec-
tion must be considered as not imperative, but potential in its

character, leaving the plaintiff at liberty, but not requiring him to insert a command to arrest the body of the defendant.

The amendment, therefore, which was made, was altogether unnecessary and unimportant, and of no benefit to the plaintiff nor detriment to the defendant.

By chap. 30, sect. 3, of the statute, provision is made, that " if any horse, &c., or swine shall, at any time, be found going at large, without a keeper, in the highways, roads, town ways or commons of the town, the owner thereof shall forfeit," &c.

The plaintiff in his declaration alleges, that the swine taken by him were found " going at large in the highways of said town of Saco," &c. At the trial it was proved, that the swine were taken by the plaintiff going at large in Storer street, which was a town way, located in the year 1823, by the selectmen of Saco, according to the provisions of the statute for locating town ways, and that it had been used since its location as a public way.

The defendant contends, that the proof does not support the declaration, and that a town way is not a highway, which must be laid out by the County Commissioners.

It does not affect the guilt of the defendant whether the swine were found going at large on a county or a town way, his liability would be the same. But still the plaintiff must prove his case as he has laid it in his declaration.

The word highway in popular language means public way, and a town way is a public way, all the citizens have a right to use it. *Jones* v. *Andrews*, 6 Pick. 59 ; *Commonwealth* v. *Hubbard*, 24 Pick. 98. But a definition has been given to this word by statute chap. 1, sect. 3, art. 6. It is as follows : " The word highway may be construed to include county bridges, and as equivalent to county road or county way." The meaning of the provision appears to be that, when the word is used in the statutes, its import should be that, which is mentioned in the article, unless the sense would require a different one. If the word *may* is not intended to restrict the signification, then the term might still be understood in its

broadest and most comprehensive sense, and the provision would be inoperative and useless.

There is no language in the thirtieth section before cited, which would authorize a different meaning to be given to the word *highway*, than that prescribed in this article. It must therefore be construed as meaning county way, and be taken to bear the same import in the plaintiff's declaration. And proof, that the swine were found in a town way, does not support the allegation, that they were found in a highway, which by the statute means a county way.

It is contended, that the declaration would be sufficient without containing the word highways, and that it might be rejected, and need not be proved. But the twenty-second section of the statute provides, that " whoever, in order to prevent the impounding of any beast, lawfully in the possession of any person, and taken for the causes, in this chapter mentioned, shall rescue the same," &c. The plaintiff's action is given by this section, and if the beasts were not taken for the causes mentioned, the forfeiture would not accrue. Although the defendant is not allowed by another provision of the statute to show, that the distress was illegal, yet the plaintiff must state in his declaration, and must also prove the cause of taking, for he would have no right to interfere with the beasts unless they were found in some highway, road, town way or commons.

The expression, " highways of said town of Saco," contained in the declaration, cannot be understood to be limited in its meaning so as to indicate town ways alone, but it more properly designates highways within the town.

In the opinion of a majority of the Court the exceptions must be sustained. *Exceptions sustained.*